SUPERIOR COURT
OF THE

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

Submitted: September 20, 2017
Decided: September 25, 2017

Sean A. Motoyoshi, Esquire
Department of Justice
102 West Water Street
Dover, Delaware 19904

Suzanne MacPherson-Johnson, Esquire
Office of the Public Defender
45 The Green
Dover, Delaware 19901

Re:  *State of Delaware v. David Thomas*
     I.D. No. 1607007838
     Court's Decision after Bench Trial

Dear Counsel:

This Court held a Bench Trial on September 20, 2017. David Thomas ("Defendant") is charged in Count 1 with Possession of a Firearm by Person Prohibited, a felony, in violation of Title 11, Section 1448 of the Delaware Code ("PFBPP") and in Count 2 with Possession of Firearm Ammunition by a Person prohibited, a felony, in violation of Title 11, Section 1448 of the Delaware Code ("PABPP"). For the reasons set forth herein, the Court finds the Defendant NOT GUILTY.

*Findings of Fact*

On the evening of July 11, 2016, troopers of the Delaware State Police were called out at approximately 1:30 in the morning to a residence in Camden-Wyoming, Kent County, Delaware concerning a complaint about a late model silver Chevrolet

with its brake lights on located in the yard at the home. The officers found the Defendant either asleep or passed out in the driver's seat. The vehicle was "stuck" near the tree line. After approaching the vehicle, the Defendant was unresponsive to questions. The driver's door was opened and the Defendant remained unresponsive to questions and was removed and transported to the hospital. He remained unresponsive, throughout, although he was able to mumble words when questioned. He was the sole occupant of the car. It was later determined that he was not the owner of the car, but the owner was not known to have been contacted or questioned in the investigation. It appears that no further questioning or follow-up on the Defendant driver was conducted. There were no DNA results on the weapon or the magazine and ammunition.

Initially, upon opening of the driver's door, a firearm was seen on the floor near the driver's seat next to his feet. The car was searched and other articles were discovered such as alcohol bottles, clothing, boxes, trash bags, trash, a cell phone and a mask with a clear plastic bong attached. A strong odor of burnt marijuana was noted. The weapon was removed and identified as a .45 caliber handgun with a loaded magazine. Seven rounds of ammunition were found including one in the chamber of the weapon. A blood alcohol report indicated the Defendant had a .06 BAC reading. The toxicology report indicates a negligible cannabinoid reading.

## Discussion and Conclusion

The evidence as admitted shows the Defendant is a prohibited person from purchasing, owning, possessing or controlling a deadly weapon or ammunition for a firearm within the state[1]. The law in Delaware requires for a finding of guilty beyond a reasonable doubt in Count 1 that the Defendant possessed or controlled the .45 caliber handgun and/or ammunition which can be proved by constructive possession. In this case ,the Defendant was in the driver's seat, passed out with a handgun situated just below the seat within reach. Even though he was unresponsive to the trooper's inquiry, he still could reach down and pick up the weapon if awakened. The

---

[1] 11 *Del. C.* § 1448.

2

*State v. David Thomas*
I.D. No. 1607007838
September 25, 2017


State must establish that the Defendant "knowingly possesses... or controls a deadly weapon or ammunition ..." for a conviction[2]. An unresponsive person, never questioned concerning the weapon, without follow up investigation with respect to the ownership and use of the vehicle is a *bridge too far*.[3]

I therefore find, after considering all of the evidence, that the State has not established beyond a reasonable doubt the Defendant acted in a manner as to satisfy all of the elements of the charges in Counts 1 and 2 and is NOT GUILTY.

IT IS SO ORDERED

Hon. William L. Witham, Jr.
Resident Judge


WLW/dmh
oc:    Prothonotary
xc:    Sean A. Motoyoshi, Esquire
       Suzanne MacPherson-Johnson, Esquire

---

[2] *Id.*

[3] See *Carroll v State*, 158 A3rd 885 (Table).